IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **HECTOR AYALA HERRERA and OVIDIO MENENDEZ PEREZ, individually and on behalf of all persons similarly situated,** | Civil Action No.: 2:17-cv-03176-NIQA |
| **Plaintiffs,** | **Collective Action** |
| v. | **Jury Trial Demanded** |
| **ROLLING GREEN LANDSCAPE AND DESIGN, INC.** | |
| **Defendant.** | |

**JOINT MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT AND DISMISSAL OF COMPLAINT**

Plaintiffs Hector Ayala Herrera and Ovidio Menendez Perez ("Plaintiffs"), by and through their undersigned counsel, and Defendant Rolling Green Landscape and Design, Inc. ("Defendant"), by and through its undersigned counsel, (collectively the "Parties") hereby jointly move the Court to (1) approve the Parties' settlement agreement, Exhibit A; and (2) dismiss the Complaint with prejudice as to Plaintiffs and Opt-in Plaintiffs. Plaintiffs and Defendant state the following:

1.      On July 17, 2017, Plaintiffs filed a Class and Collective Action Complaint (the "Complaint") against Rolling Green Landscape and Design, Inc. and Dominic J. Varallo, Jr. (Doc. 1). The Complaint alleged violations under the Fair Labor Standards Act (FLSA) and the Pennsylvania Minimum Wage Act (PMWA) on behalf of collective and class members, as well as federal and state claims for discrimination and harassment alleged by Plaintiffs.

2.      By stipulation, the Parties voluntarily dismissed Dominic J. Varallo, Jr. from the above-captioned suit without prejudice due to his pending Chapter 13 bankruptcy. (Doc. 12).

3.  Defendant filed its Answer to the Complaint on November 27, 2017. (Doc. 20).

4.  On January 30, 2018, the Court granted the Parties' Joint Stipulation for Conditional Certification and Court-Approved Notice Pursuant to 29 U.S.C. § 216(b). (Doc. 27).

5.  The Parties participated in a settlement conference on June 25, 2018 before the Honorable Magistrate Judge Lynne A. Sitarski. The Court reconvened the settlement conference on July 2, 2018 before the Honorable Magistrate Judge Lynne A. Sitarski, which resulted in the proposed settlement agreement that is attached to this motion as Exhibit A.

6.  On August 31, the Parties filed a joint motion regarding Plaintiffs' filing of an amended complaint that would allow Plaintiffs to file an Amended Complaint dismissing the Rule 23 claims.

7.  The primary terms of the settlement include a Gross Settlement Amount of $143,000.00, in exchange for dismissal of this action and a release of claims. The Gross Settlement Amount will be allocated as follows:

    a. $85,333.33 for settlement of claims arising under the FLSA and PMWA for members of the FSLA Collective, which includes Plaintiffs and four additional FLSA Opt-in Plaintiffs;

    b. An additional $5,000.00 each for Plaintiffs Ayala and Menendez Perez as service awards for their efforts in bringing and prosecuting this matter; and,

    c. $47,666.67 for payment of Plaintiffs' attorneys' fees and costs.

8.  Payment of the Gross Settlement Amount shall take place through an installment plan payable by Defendant over the course of 25 installments. During an interim period between the fifteenth and sixteenth payments, Defendant will meet obligations governed by a separate, confidential agreement settling non-wage claims brought by Plaintiffs in the Complaint.

9. Plaintiffs and the FSLA Collective continue to believe this Action is meritorious, while Defendants deny any liability or wrongdoing of any kind associated with the claims alleged. Specifically, the parties dispute, among other things:

   a. the number of hours Plaintiffs and members of the FLSA Collective worked;

   b. the amount of wages paid by Defendant to Plaintiffs and members of the FLSA Collective;

   c. the calculation of any wages owed; and,

   d. the applicable statute of limitations.

10. The Parties believe that the proposed settlement is fair, reasonable, and adequate in light of the substantial risk of proceeding with this litigation. Those risks include:

    a. that Defendant may not be able to withstand a greater judgment, or a settlement that involves payment over a shorter period of time;

    b. that recovery could be delayed for years while discovery, motion practice, trial and appeals take place; and,

    c. that the claims could be decided against Plaintiffs.

WHEREFORE, the parties respectfully request that the Court enter an Order, in the form submitted herewith, approving the attached agreement marked as "Exhibit A" and dismiss all claims with prejudice as to Plaintiffs and Opt-in Plaintiffs.

Dated: August 31, 2018

JUSTICE AT WORK, INC.

/s/ Liz Maria Chacko

Liz Maria Chacko (PA 95115)
JUSTICE AT WORK, INC.
990 Spring Garden Street, Suite 300
Philadelphia, PA 19123
Telephone: (215) 733-0878
Facsimile: (215) 733-0876
lchacko@justiceatworklegalaid.org

Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)
Camille Fundora (PA 312533)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
cfundora@bm.net

Ryan Allen Hancock (PA 92590)
Willig, Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Telephone: (215) 656-3600
Facsimile: (215) 567-2310
rhancock@wwdlaw.com

*Attorneys for Plaintiffs and the Proposed Classes*

Respectfully submitted,

EASTBURN & GRAY, PC

/s/ Grace M. Deon

Grace M. Deon
EASTBURN & GRAY, PC
60 East Court Street
PO Box 1389
Doylestown, PA 18901
Telephone: (215) 345-7000
Facsimile: (215) 345-9142
gedeon@eastburngray.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **HECTOR AYALA HERRERA and OVIDIO MENENDEZ PEREZ, individually and on behalf of all persons similarly situated,** | Civil Action No.: 2:17-cv-03176-NIQA |
| **Plaintiffs,** | **Collective Action** |
| v. | **Jury Trial Demanded** |
| **ROLLING GREEN LANDSCAPE AND DESIGN, INC.** |  |
| **Defendant.** |  |

## EXHIBIT A
## PARTIES' PROPOSED SETTLEMENT AGREEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HECTOR AYALA HERRERA and OVIDIO : 
MENENDEZ PEREZ, individually and on :
behalf of all persons similarly situated, :
: Civil Action No.: 2:17-cv-03176-NIQA
   Plaintiffs, :
:
v. :
:
ROLLING GREEN LANDSCAPE AND :
DESIGN, INC. :
:
   Defendant. :

## SETTLEMENT AGREEMENT

Plaintiffs Hector Ayala Herrera ("Plaintiff Ayala") and Ovidio Menendez Perez ("Plaintiff Menendez") (together, the "Plaintiffs") and Defendant Rolling Green Landscape and Design, Inc. ("Defendant" or "Rolling Green") (collectively. the "Parties") hereby agree to the following settlement in the lawsuit captioned *Ayala, et al. v. Rolling Green Landscape and Design, Inc.*, No. 2:17-cv-03176-NIQA (E.D.P.A.) (the "Litigation").

**WHEREAS**, Plaintiffs, represented by Justice at Work, Berger & Montague, P.C., and Willig, Williams & Davidson (collectively, "Plaintiffs' Counsel"), filed a Complaint on July 17, 2017 in the Litigation asserting claims in the First through Fourth Causes of Action against Defendant and Dominic Varallo, Jr. for violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), for unjust enrichment, and for violations of the Civil Rights Act of 1866 as amended (Doc. 1);

**WHEREAS**, the Parties stipulated to the voluntary dismissal without prejudice of Dominic Varallo, Jr. based upon a bankruptcy stay (Doc. 10);

**WHEREAS**, Defendant filed an Answer on November 27, 2017 (Doc. 20) and without admitting or conceding any liability or damages beyond that which is admitted in the Answer, Defendant has agreed to settle the Litigation as to claims relating to unpaid wages on the terms and conditions set forth in this Settlement Agreement (the "Agreement");

**WHEREAS**, on January 30, 2018, the Court granted the Parties' Joint Stipulation for Conditional Certification and Court-Approved Notice Pursuant to 29 U.S.C. § 216(b) of the FLSA (Docs. 26 and 27);

**WHEREAS**, there are a total of six (6) FLSA Plaintiffs, including named Plaintiffs Ayala and Menendez, and four (4) additional FLSA opt-in Plaintiffs Romeo Avila, Williams Avila, Amancio Matias Foigar, and Ector Hidalgo (Doc. 28) and these six (6) individuals will be referred to herein collectively as the "Opt-In Plaintiffs";

**WHEREAS**, on June 25, 2018, the Parties participated in an in-person mediation session before the Honorable Magistrate Judge Lynne A. Sitarski. The Court reconvened the settlement conference on July 2, 2018 before the Honorable Magistrate Judge Lynne A. Sitarski, which resulted in this Agreement;

**WHEREAS**, the Parties agreed pursuant to a separate confidential agreement not subject to Court approval to settle other claims brought and/ or alleged by Plaintiff Ayala solely on his own behalf or which could have been similarly asserted by Plaintiff Menendez on his behalf, including claims under the Fifth through Eighth Causes of Action;

**WHEREAS**, Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against Defendant in the Litigation, conducted discovery, conducted interviews with Plaintiffs, obtained and reviewed documents relating to Defendant's policies and practices, and analyzed available timekeeping and pay data;

**WHEREAS**, Plaintiffs' Counsel have determined that it would be inappropriate to seek Fed. R. Civ. P. Rule 23(b)(3) certification of claims asserted in the Complaint under the Second and Third Causes of action as a class action, because of the financial capacity of Defendant to adequately compensate all members of such a class and the Court has not certified any class pursuant to Rule 23;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties enter into this Agreement to settle claims relating to unpaid wages for the six Opt-In Plaintiffs, including Ayala and Menendez. The Parties agree that this settlement encompasses only claims brought by Opt-In Plaintiffs. This Agreement shall not affect the rights of the remaining potential Pennsylvania Class members on behalf of whom claims were asserted under the Second and Third Causes of action to separately pursue any claims they may have against Defendant, if they so choose. The Parties agree that evidence of this limited stipulation for settlement purposes only will not be admissible for any reason except to obtain approval of or to enforce this Agreement.

1.  This Litigation as to unpaid wages is settled for the sum of One Hundred Forty-Three Thousand Dollars ($143,000) (the "Gross Settlement Amount").

2.  "Net Settlement Amount" means the Gross Settlement Amount less: (i) Five Thousand Dollars ($5,000) to each of the two Named Plaintiffs (Plaintiffs Ayala and Menendez) as provided for in ¶ 6 below; and (ii) the payment of attorneys' fees and costs to Plaintiffs' Counsel in an amount not to exceed one third (1/3) of the Gross Settlement Amount, which totals Forty-Seven Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($47,666.67) as provided for in ¶ 7. The Parties acknowledge that all of these amounts are subject to the Court's

approval.

3.  The Net Settlement Amount shall be divided as follows among the Opt-In Plaintiffs. The following amounts represent each Opt-In Plaintiff's *pro rata* portion of the Net Settlement Amount ("Settlement Share") based on amounts of unpaid wages and damages as calculated by Plaintiffs' counsel utilizing Defendant's records :

| Name | Settlement Share |
|---|---|
| Hector Ayala Herrera | $28,045.94 |
| Ovidio Menendez Perez | $27,935.04 |
| Romeo Avila | $8,524.47 |
| Williams Avila | $6,413.22 |
| Amancio Matias Foigar | $12,735.24 |
| Ector Hidalgo | $1,679.42 |
| **Net Settlement Amount Total** | **$85,333.33** |

4.  Each Opt-In Plaintiff's Settlement Share shall be allocated between a FLSA Liquidated Damages Portion and a FLSA Taxable Wage Portion:

| Name | FLSA Liquidated Damages Portion | FLSA Taxable Wage Portion | Settlement Share |
|---|---|---|---|
| Hector Ayala Herrera | $14,022.97 | $14,022.97 | $28,045.94 |
| Ovidio Menendez Perez | $13,967.52 | $13,967.52 | $27,935.04 |
| Romeo Avila | $4,262.23 | $4,262.24 | $8,524.47 |
| Williams Avila | $3,206.61 | $3,206.61 | $6,413.22 |
| Amancio Matias Foigar | $6,367.62 | $6,367.62 | $12,735.24 |
| Ector Hidalgo | $839.71 | $839.71 | $1,679.42 |
| **Net Settlement Amount Total** | $42,666.66 | $42,666.67 | $85,333.33 |

5.  As further provided for herein below, Defendant shall be liable for timely transmission and reporting to tax authorities of required employer withholding from FLSA Taxable Wage Portions made to each of the Opt-In Plaintiffs and for all required employer payroll taxes including Social Security taxes (6.2%) and Medicare taxes (1.45%). Defendant shall further be liable for any required IRS Form 1099 "other income" reporting of amounts received by Opt-In Plaintiffs as liquidated damages. Payments made by Defendant for FLSA Liquidated Damages will be classified as "other income" on line 3 of the IRS Form 1099 and not as "non-employee compensation" on line 7.

6.  In addition to the Net Settlement Amount, subject to the Court's approval, Plaintiffs Ayala and Menendez shall each receive Five Thousand Dollars ($5,000) as a service

3

award for their efforts in bringing and prosecuting this matter. Defendant shall issue a Form 1099 for this payment. Defendant shall make no tax withholdings from this payment. The payment amount will be classified as "other income" on line 3 of the IRS Form 1099 and not as "non-employee compensation" on line 7.

7.      Also in addition to the Net Settlement Amount, subject to the Court's approval, Plaintiffs' Counsel shall receive reimbursement for attorneys' fees and costs in the total amount of Forty-Seven Thousand Six Hundred Sixty Six Dollars and Sixty-Seven Cents ($47,666.67). Of this amount, Plaintiffs' Counsels' out of pocket costs do not exceed Five-Thousand Dollars $5,000. The amount of the payment for attorneys' fees and costs agreed to herein is far less than the lodestar calculated value of the services provided for by Plaintiffs' Counsel in relationship to the claims settled herein. The installment payments shall be allocated to pay attorneys' fees and costs only after all amounts have been paid to Settlement Class Members for claims settled pursuant to this Agreement, and after all amounts have been paid to Plaintiffs for employment discrimination claims settled pursuant to Parties' separate confidential settlement agreement. An IRS Form 1099 shall be issued to Plaintiffs' Counsel "Friends of Farmworkers, Inc." for the payment made for attorneys' fees and costs. No portion of the award of attorneys' fees and costs shall be reported to the Internal Revenue Service as income received by Opt-In Plaintiffs.

8.      **Installment Payment Plan for Opt-In Plaintiffs** All installment payments for Opt-In Plaintiffs shall be made payable to the "Friends of Farmworkers, IOLTA Client Trust Account." Where possible, Defendant shall transmit payments electronically as ACH payments rather than by check. All payments shall be transmitted to Justice at Work (Friends of Farmworkers, Inc.) according to the installment plan below. In the event that the Court has not finally approved this Agreement prior to the due date of any of the installment payments, counsel for Defendant shall hold those funds in an IOLTA Client Trust Account until approval of the Agreement by the Court and shall then electronically transmit all installment payments received prior to that approval to Justice at Work (Friends of Farmworkers, Inc.) within five (5) business days after Court approval of the Agreement.

9.      The 2018 payments shall be made on the following installment schedule:

a.      First payment of Fifteen Thousand Dollars ($15,000) ("Installment 1") by Friday, September 14, 2018;

b.      Second payment of Fifteen Thousand Dollars ($15,000) ("Installment 2") by Monday, October 15, 2018;

c.      Third payment of Five Thousand Dollars ($5,000) ("Installment 3") by Wednesday, November 14, 2018;

d.      The Fourth payment of a gross amount of Five Thousand Dollars ($5,000) ("Installment 4") by Friday, December 14, 2018. Installment 4 will be subject to wage tax withholdings for the FLSA Taxable Wage Portions being paid to Opt-In Plaintiffs as provided for in ¶ 13 below based on an anticipated December 2018 wage distribution which will reduce the net amount of this installment payment transmitted to Plaintiffs' Counsel.

10. The 2019 payments shall be made on the following installment schedule:

    a. The Fifth through Ninth installment payments shall each be in the amount of Five Thousand Dollars ($5,000) and shall be payable on the schedule set forth below:

| Installment Number | Payment Date | Payment Amount |
|---|---|---|
| 5 | Monday, January 14, 2019 | $5,000 |
| 6 | Wednesday, February 13, 2019 | $5,000 |
| 7 | Thursday, March 14, 2019 | $5,000 |
| 8 | Monday, April 15, 2019 | $5,000 |
| 9 | Wednesday, May 15, 2019 | $5,000 |

    b. The Tenth payment of a gross amount of Five Thousand Dollars ($5,000) ("Installment 10") by Friday, June 14, 2019. Installment 10 will be subject will be subject to wage tax withholdings for the FLSA Taxable Wage Portions being paid to Plaintiffs as provided for in ¶ 13 below based on an anticipated June 2019 wage distribution to Plaintiffs which will reduce the net amount of this installment payment transmitted to Plaintiffs' Counsel.

    c. The Eleventh (11th) through Fourteenth (14th) installment payments shall each be in the amount of Five Thousand Dollars ($5,000) and shall be payable on the schedule set forth below:

| Installment Number | Payment Date | Payment Amount |
|---|---|---|
| 11 | Monday, July 15, 2019 | $5,000 |
| 12 | Wednesday, August 14, 2019 | $5,000 |
| 13 | Friday, September 13, 2019 | $5,000 |
| 14 | Monday, October 14, 2019 | $5,000 |

    d. The Fifteenth and final payment ("Installment 15") of Five Thousand Three Hundred and Thirty Three Dollars and Thirty Three Cents ($5,333.33) by Monday, November 18, 2019. Installment 15 will be subject to wage tax withholdings for the FLSA Taxable Wage Portions being paid to Opt-In Plaintiffs as provided for in ¶ 13 below based on anticipated December 3, 2019 wage distribution to Opt-In Plaintiffs which will reduce the net amount of this installment payment transmitted to Plaintiffs' Counsel.

11. **Installment Plan Payments for Attorneys' Fees.** Payments of attorneys' fees and costs shall be made payable to "Friends of Farmworkers, Inc." All payments shall be transmitted to Justice at Work (Friends of Farmworkers, Inc.) according to the installment plan below. These payments are deferred to permit installment payments under the separate Confidential Agreement between Plaintiffs and Defendant as to other claims. However, a breach of the payment schedule for those payments shall immediately accelerate all required payments under this Agreement for attorneys' fees and costs. Subject to Court approval of the requested amount to be awarded for attorneys' fees and costs, Defendant shall make the installment

5

payments below on the following schedule:

| Installment Number | Payment Date | Payment Amount | Cumulative Payment |
|---|---|---|---|
| 16 | Monday, July 27, 2020 | $2,000.00 | $2,000.00 |
| 17 | Wednesday, August 26, 2020 | $5,000.00 | $7,000.00 |
| 18 | Friday, September 25, 2020 | $5,000.00 | $12,000.00 |
| 19 | Monday, October 26, 2020 | $5,000.00 | $17,000.00 |
| 20 | Wednesday, November 25, 2020 | $5,000.00 | $22,000.00 |
| 21 | Friday, December 25, 2020 | $5,000.00 | $27,000.00 |
| 22 | Monday, January 25, 2021 | $5,000.00 | $32,000.00 |
| 23 | Wednesday, February 24, 2021 | $5,000.00 | $37,000.00 |
| 24 | Friday, March 26, 2021 | $5,000.00 | $42,000.00 |
| 25 | Friday, April 30, 2021 | $5,666.67 | $47,666.67 |

12. **Settlement Distribution Schedule.** Subject to the Court's Final Approval Order and timely receipt of funds from Defendant, Plaintiffs' Counsel shall distribute the following amounts to Opt-In Plaintiffs from the Gross Settlement Amount within three (3) business days of the distribution date indicated below, less any required withholding on FLSA Taxable Wage Portions as further described below in ¶13.

| Distribution Date | Type | Ayala | Menendez | R. Avila | W. Avila | Foigar | Hidalgo | Total |
|---|---|---|---|---|---|---|---|---|
| 10/1/2018 | Service Award | $5,000.00 | $5,000.00 | | | | | $10,000.00 |
| 12/28/2018 | FLSA Taxable Wage | $4,348.65 | $4,311.68 | $2,841.49 | $2,137.74 | $4,245.08 | $559.81 | $18,444.45 |
| 06/28/2019 | FLSA Taxable Wage | $2,500.00 | $2,500.00 | $0.00 | $0.00 | $0.00 | $0.00 | $5,000.00 |
| 06/28/2019 | FLSA Liquidated Damages | $6,848.65 | $6,811.68 | $2,841.49 | $2,137.74 | $4,245.08 | $559.81 | $23,444.45 |
| 12/3/2019 | FLSA Taxable Wage | $7,174.32 | $7,155.84 | $1,420.75 | $1,068.87 | $2,122.54 | $279.90 | $14,222.22 |
| 12/3/2019 | FLSA Liquidated | $7,174.32 | $7,155.84 | $1,421.74 | $1,068.87 | $2,122.54 | $279.90 | $19,222.20 |
| | Total Paid | $33,045.94 | $32,935.04 | $8,525.47 | $6,413.22 | $12,735.24 | $1,679.42 | $95,334.33 |

13. **Procedures for Tax Withholding and Payroll Tax Payment on FLSA Taxable Wage Portions.** The Settlement Distribution Schedule in ¶12 above provides for the following three (3) distributions by Plaintiffs' Counsel of FLSA Taxable Wages.

| Gross Taxable Wage | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | Ayala | Menendez | R. Avila | W. Avila | Foigar | Hidalgo | Total |
| State | PA | NJ | NJ | NJ | NJ | NJ | |
| 12/28/2018 | $4,348.65 | $4,311.68 | $2,841.49 | $2,137.74 | $4,245.08 | $559.81 | $18,444.45 |
| 6/28/2019 | $2,500.00 | $2,500.00 | $0.00 | $0.00 | $0.00 | $0.00 | $5,000 |
| 12/3/2019 | $7,174.32 | $7,155.84 | $1,420.75 | $1,068.87 | $2,122.54 | $279.90 | $19,222.22 |

6

      a.      Defendant shall designate a payroll processing service to process tax payments and an appropriate payroll bank account, to which Defendant shall transfer amounts required to be deducted from wages payable to Opt-In Plaintiffs together with amounts required to be paid by Defendant as employer payroll taxes including Social Security and Medicare Taxes.

      b.      Such amounts shall be deducted from the installment payment (provided for above, in ¶¶8-9) immediately prior to Defendant's transmittal of the net Installment to Plaintiffs' Counsel.

      c.      Plaintiff Menendez and Opt-In Plaintiffs Romeo Avila, Williams Avila, Foigar, and Hidalgo are New Jersey residents. For any unpaid wages paid to them in tax year 2018, Defendant shall calculate all federal income and New Jersey state income taxes on an annual basis based upon the W-4 statements on file with the Defendant unless such W-4 statements are updated by Opt-In Plaintiffs or Plaintiffs' Counsel otherwise notifies Defendants' Counsel of additional federal tax exemptions applicable to them based on marital status and numbers of dependents.

      d.      Plaintiff Ayala is a Pennsylvania tax resident and should have required Pennsylvania income tax in the amount of 3.07% deducted from gross wage payments to him. For any unpaid wages paid to him in tax year 2018, Defendant shall calculate all federal income taxes on an annual basis based upon the W-4 statements on file with the Defendant unless such W-4 statements are updated by Opt-In Plaintiffs or Plaintiffs' Counsel otherwise notifies Defendants' Counsel of additional federal tax exemptions applicable to them based on marital status and numbers of dependents.

      e.      In tax year 2019, Defendant shall likewise calculate all federal income and New Jersey state income taxes on an annual basis for Opt-In Plaintiffs Romeo Avila, Williams Avila, Foigar, and Hidalgo.

      f.      In tax year 2019, the Plaintiffs Ayala and Menendez will receive two (2) taxable wage distributions. Their tax liability shall initially be determined based on the anticipated total 2019 distributions calculated on an annual basis. If no income tax deduction is required for the cumulative amount of 2019 payments to them, then no federal income tax deduction shall be made from their wages. However, if income tax deductions are required based on the cumulative annual basis calculation, the first distribution shall be each shall be calculated on a semi-annual basis and the second distribution shall be calculated on an annual basis.

14.    **No Reversion to Defendant.** In no event shall any payments or portions of payments described herein revert to Defendant.

      a.      All Settlement payments issued by check shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement payment may be deemed void by Plaintiffs' Counsel and of no further force and effect. Plaintiffs' Counsel will include with each mailed check a letter stating that the check must be cashed or deposited within 180 days or it will be cancelled.

      b.     Opt-In Plaintiffs may elect to receive their Settlement Award checks from Plaintiffs' Counsel electronically if: (1) the Opt-In Plaintiff provides necessary banking information to Plaintiffs' Counsel;(2) Plaintiffs' Counsel determines that electronic funds transfer is feasible; and (3) the Opt-In Plaintiff has provided Plaintiffs' Counsel with signed authorization for electronic transfer. Any Opt-In Plaintiff who elects to receive his Settlement Award electronically shall bear the costs of such transfer. If Plaintiffs' Counsel Justice at Work is unable to successfully make an electronic transfer, Plaintiffs' Counsel will issue a Settlement payment check in the manner described above and the 180-day check void period set forth above shall apply.

      c.     If Plaintiffs' Counsel determine that they have been unable to transmit Settlement payments to Opt-In Plaintiffs within six (6) months after the last distribution date, the remaining monies shall be paid to the Parties' agreed-upon *cy pres* recipient, the Pennsylvania IOLTA Board, subject to the Court's approval of this provision.

15.     Defendant, Dominic Varallo, and/or any of Defendant or Mr. Varallo's agents shall not take any retaliatory actions against any Opt-in Plaintiff.

16.     Opt-In Plaintiffs shall release any and all overtime claims that accrued during their time working for Rolling Green and all of its past and present parent companies, investors in any of those companies, controlling persons, subsidiaries, affiliates, directors, officers, and agents (collectively, the "Released Parties") at any time between three (3) years prior to the date their Opt-In Consent Form was filed on the docket and July 2, 2018 (collectively, the "Released Claims"). Opt-In Plaintiffs' release of claims shall only take effect after final payment has been made to all Opt-In Plaintiffs and Plaintiffs' Counsel under this Agreement and under the separate Confidential Agreement as to Plaintiffs.

17.     Upon final distribution of payments to all Opt-In Plaintiffs and Plaintiffs' Counsel under this Agreement and under the separate Confidential Agreement as to Plaintiffs, Plaintiffs' Counsel shall provide to each Opt-In Plaintiff a document with the following notice, to effectuate a release of claims and satisfy any applicable procedural protocols under the FLSA:

> By depositing or cashing this check and/or upon electronic receipt of gross payments of I hereby agree to release Rolling Green Landscape and Design, Inc. from all overtime and wage claims that accrued during my work for Rolling Green at any time between three (3) years prior to the date my Opt-In Consent Form was filed on the docket and July 2, 2018, including, without limitations, all state and federal claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses.

18.     In the event that Defendant fails to make any payment within ten (10) days of the schedule described in ¶¶ 9-11, this Agreement may be voided by Plaintiffs' Counsel and of no legal effect with respect to Defendant.

      a.     Furthermore, in the event that Defendant fails to make any payment within ten (10) days of the schedule described in ¶¶ 9-11, the entire remaining balance will be accelerated and due immediately, and interest at the legal rate on federal court judgments shall thereafter be due.

8

  b. Should such default in timely installments occur, Opt-In Plaintiffs shall have the right to record and execute upon the confession of judgment note attached as Exhibit A.

  c. Should such default in timely installments occur, Plaintiffs' Counsel shall be entitled to file a Motion for Attorneys' Fees and Expenses with the Court to recover their actual lodestar and costs incurred in connection with this litigation from Defendant. Under such circumstances, Defendant will not dispute that Plaintiffs are the prevailing party within the meaning of the applicable law under the FLSA and the PMWA.

 19. This Agreement is made with the understanding that Defendant will not enter bankruptcy proceedings, either voluntarily or involuntarily, prior to the payment in full of the Gross Settlement Amount and of amounts separately agreed to in the Confidential Settlement. In the event that Defendant enters bankruptcy proceedings prior to payment in full of the Gross Settlement Amount, the Settlement Agreement may be voided by Plaintiffs' Counsel and will have no legal effect with respect to Defendant and any related persons identified in ¶ 16. In that event, all claims raised by Plaintiffs in the Litigation are preserved, and Defendant agrees to waive any statute of limitations defense related to said claims. Opt-In Plaintiffs and Plaintiffs' Counsel may elect, in the alternative, to file proofs of claims in Bankruptcy Court for the Gross Settlement Amount, regardless any payments already made by Defendant.

 20. If the Court declines to grant approval of the settlement, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty days. If the settlement is not approved as resubmitted or if the Parties are not able to reach another settlement, then either Party may void the settlement at that point.

 21. In connection with the Motion for Approval of the FLSA Settlement, the Parties will stipulate to dismissing Plaintiffs' Pennsylvania state law Rule 23 class claims without prejudice.

 22. The signatories to this Agreement represent that each is fully authorized to enter into this Agreement on behalf of themselves and/or their respective principals. Plaintiffs' Counsel shall inform all Opt-In Plaintiffs of the binding nature of this Agreement and that it will have the same force and effect as if this Agreement were executed by each Opt-In Plaintiff.

 23. Plaintiffs Ayala and Menendez acknowledge that the Agreement has been translated into Spanish and Plaintiffs' Counsel has answered any questions to their satisfaction.

**REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK**

24.  The Court is requested to retain jurisdiction in this case until such time as the parties through their counsel notify the Court that this Agreement has been fully complied with.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____  Date: 8-27-2018
Héctor Ayala Herrera

_____  Date: 8-27-2018
Ovidio Menendez Perez


**APPROVED AS TO FORM BY PLAINTIFFS' COUNSEL:**

_____  Date: 8/27/2018
Liz Chacko
JUSTICE AT WORK
990 Spring Garden Street, Suite 300
Philadelphia, PA 19123

Sarah R. Schalman-Bergen
Camille Fundora
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

Ryan Allen Hancock
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103


**DEFENDANT:**

Rolling Green Landscape and Design, Inc.

By: _____

I the undersigned certify that I am a Corporate Officer of Rolling Green Landscape and

10

24. The Court is requested to retain jurisdiction in this case until such time as the parties through their counsel notify the Court that this Agreement has been fully complied with.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____  Date:
Hector Ayala Herrera

_____  Date:
Ovidio Menendez Perez

**APPROVED AS TO FORM BY PLAINTIFFS' COUNSEL:**

_____  Date:
Liz Chacko
JUSTICE AT WORK
990 Spring Garden Street, Suite 300
Philadelphia, PA 19123

Sarah R. Schalman-Bergen
Camille Fundora
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

Ryan Allen Hancock
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103

**DEFENDANT:**

Rolling Green Landscape and Design, Inc.
By: _____

I the undersigned certify that I am a Corporate Officer of Rolling Green Landscape and

Design, Inc. holding the Title of ___President___ and that I have been duly authorized to execute this document on behalf of Rolling Green Landscape and Design, Inc.

Dated: ___8/30/18___

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

___Grace M. Deon___   Date: ___8/30/18___
Grace M. Deon
EASTBURN & GRAY, PC
60 East Court Street
P.O. Box 1389
Doylestown, PA 18901

11

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR AYALA HERRERA and OVIDIO MENENDEZ PEREZ, individually and on behalf of all persons similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**ROLLING GREEN LANDSCAPE AND DESIGN, INC.**<br><br>**Defendant.** | Civil Action No.: 2:17-cv-03176-NIQA |

### CONFESSION OF JUDGMENT

Rolling Green Landscape and Design, Inc. ("Rolling Green"), confesses judgment in favor of Plaintiffs Hector Ayala Herrera and Ovidio Menendez Perez and four (4) Fair Labor Standards Act Opt-In Plaintiffs Romeo Avila, Williams Avila, Amancio Matias Foigar, and Ector Hidalgo in the amount of One Hundred Forty-Three Thousand Dollars ($143,000), less any payments previously received pursuant to the Settlement Agreement ("Settlement Agreement") (attached as Exhibit 1), together with post-judgment interest as provided by law and reasonable attorneys' fees incurred in entering and enforcing the judgment.

Rolling Green authorizes the Court to enter final judgment in this matter in that amount against Defendant, in favor of the Plaintiffs.

On May 25, 2016, Plaintiff filed a class and collective action wage and hour lawsuit against Defendant for failing to correctly pay its landscape laborers overtime compensation, in violation of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and Pennsylvania

1

state law. Defendant denied Plaintiffs' allegations and denied all wrongdoing alleged by Plaintiffs. Without admitting any liability whatsoever, on August 27, 2018, the Parties entered into a Settlement to resolve claims arising out of asserted unpaid wages in the lawsuit. The terms of the Parties' settlement are set forth in the Settlement Agreement, which included a gross cash payment of One Hundred Forty-Three Thousand Dollars ($143,000.00) to be made in installments. Settlement Agreement.

Due to the Defendant's default of a scheduled payment and failure to cure said default as set out in the Settlement Agreement, this confession of judgment is for One Hundred Forty-Three Thousand Dollars ($143,000.00), less any payments previously received pursuant to the Settlement Agreement, together with post-judgment interest as provided by law.

Dated: 8/30/18     By: _____
                        Rolling Green Landscape and Design, Inc.

I the undersigned certify that I am a Corporate Officer of Rolling Green Landscape and Design, Inc. holding the Title of _President_ and that I have been duly authorized to execute this document on behalf of Rolling Green Landscape and Design, Inc.

_____

Sworn to before me this

30th day of August, 2018.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Bradley A. Kuder, Notary Public
Bucks County
My commission expires April 8, 2022
Commission number 1090137
Member, Pennsylvania Association of Notaries

2